IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YVONNE BROWN, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:13-cv-1004-P-BN |
| | § | |
| TEXAS BOARD OF NURSING, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

This is a civil action brought by Yvonne Brown and her husband Basil Brown for statutory and constitutional violations arising from a disciplinary hearing and subsequent administrative actions that ultimately resulted in the revocation of Yvonne Brown's nursing license in Texas and the denial of renewal of her Louisiana nursing license. Defendants include two state nursing boards, an administrative hearing office, and seven individuals who are state officials or nursing board administrators. On March 7, 2013, Plaintiffs tendered a complaint and application for temporary restraining order to the district clerk and filed an application to proceed *in forma*

*pauperis*. The restraining order was denied by the District Court on March 8, 2013. *See* Dkt. No. 8. Because the information provided by Plaintiffs in their affidavit indicates that they lack the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 9.

As best the undersigned can understand Plaintiffs' allegations, they seek damages and equitable relief due to administrative proceedings that began in 1997 and eventually resulted in the revocation of Yvonne Brown's Texas nursing license in April of 2000 and the non-renewal of her Louisiana license later that year. *See* Dkt. No. 3 at 7-18. Because her license was revoked, Yvonne Brown has been unable to work as a registered nurse in Texas or Louisiana. *See id.* at 18. Reinstatement of her Texas nursing license was denied in 2003. *See id.* at 19.

This is by no means the first time that Plaintiffs have resorted to federal or state court to challenge the revocation of Yvonne Brown's nursing license. Indeed, in the years since her license was revoked, she "has filed a succession of pro se lawsuits against the [Board of Nursing Examiners], its employees, and others in several different state and federal courts seeking to challenge the revocation. These courts have uniformly rejected her claims, federal courts have adjudged them 'malicious' and 'frivolous,'" and both Plaintiffs have been determined by Texas courts to be vexatious litigants. *Brown v. Texas State Bd. of Nurse Examiners*, No. 03-05-00508-CV, 2007 WL 3034321, at *1 (Tex. App. – Austin, Oct. 18, 2007, pet. denied); *see also Brown v. Texas Bd. of Nurse Examiners*, 194 S.W.3d 721, 722 (Tex. App. – Dallas, June 9, 2006, no pet.).

And Yvonne Brown has twice before raised the same or similar claims in this Court. The first civil case against the Texas Board of Nurse Examiners, which sought dismissal of the Board's action, retroactive reinstatement of her Texas license, and the award of costs, was dismissed for lack of subject matter jurisdiction in March 2002. *See Brown v. Texas Bd. of Nurse Examiners*, No. 3:01-cv-2315-M, 2002 WL 441405, at *1-*2 (N.D. Tex. Mar. 20, 2002). A 42 U.S.C. § 1983 proceeding against Katherine A. Thomas, Executive Director of the Texas nursing board, was summarily dismissed as malicious later that year. *See Brown v. Thomas*, No. 3:02-cv-673-M, 2002 WL 31757616 (N.D. Tex. Dec. 3, 2002).

Undeterred, Plaintiffs renew their claims in this lawsuit. The undersigned now determines that this case should be summarily dismissed as malicious under 28 U.S.C. § 1915(e)(2).

**Legal standards**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with

enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Id.*

A complaint that duplicates claims asserted in an earlier case may be deemed frivolous or malicious and is subject to summary dismissal. *See Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849-50 (5th Cir. 1989).

**Analysis**

Plaintiffs' pleadings indicate that they again seek relief against the Texas Board

of Nurse Examiners, Thomas, and additional defendants based upon conduct that occurred in connection with the April 2000 revocation of Yvonne Brown's Texas nursing license. There is no doubt that Plaintiffs seek to relitigate claims premised upon substantially the same facts upon which they have relied in multiple previous lawsuits. *See Brown v. Thomas*, 2002 WL 31757616, at \*3 (citing *Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993)). As Judge Stickney explained to Plaintiff Yvonne Brown in a prior action, the inclusion of additional defendants and allegations to a common nucleus of operative fact does not prevent this case from summary dismissal, since the claims in this case remain essentially duplicative of those previously raised. Accordingly, the District Court should dismiss Plaintiffs' complaint as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiffs have twice before raised nearly identical claims in this Court and have been deemed "vexatious litigants" for multiple attempts to relitigate the license revocation in Texas courts. *See Brown*, 2007 WL 3034321, at \*1. Although Plaintiffs have been repeatedly told that this Court lacks jurisdiction over their claims and that repeated attempt to raise the same allegations are malicious, they persist in filing frivolous lawsuits against the Board of Nursing Examiners, Thomas, and other parties. It is well past time that Plaintiffs should have ceased filing these repetitious and uniformly frivolous lawsuits before the Court. In view of their conduct, Plaintiffs should be warned that any future lawsuits seeking damages or equitable relief arising from the revocation of Yvonne Brown's nursing license may result in the imposition of sanctions. Such sanctions may include a monetary fine and an order barring Plaintiffs

from filing any civil actions in federal court without paying the required filing fee or obtaining prior authorization from a district judge or magistrate judge. *See McCampbell v. KPMG Peat Marwick,* 982 F. Supp. 445, 448-49 (N.D. Tex. 1997) (discussing sanctions available to deter and punish pro se litigants for abusing the judicial system).

## Recommendation

Plaintiffs' complaint should be summarily dismissed as malicious pursuant to 28 U.S.C. § 1915(e)(2). Plaintiffs should be warned that sanctions may be imposed if they file any other lawsuits arising from the revocation of Yvonne Brown's nursing license.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: March 15, 2013

                                            DAVID L. HORAN
                                            UNITED STATES MAGISTRATE JUDGE