IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YVONNE BROWN, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:13-cv-1004-P |
| | § | |
| TEXAS BOARD OF NURSING, ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiffs seek leave to file their objections to the findings, conclusions, and recommendation of the United States Magistrate Judge approximately 40 minutes late due to inclement weather. The Court finds that good cause has been shown and the motion [Dkt. No. 15] is GRANTED.

The United States Magistrate Judge made findings, conclusions, and recommendations in this case. Plaintiff filed objections, and the District Court has made a *de novo* review of those portions of the proposed findings, conclusions, and recommendation to which objection was made. The objections are overruled, and the Court ACCEPTS the Findings, Conclusions and Recommendations of the United States Magistrate Judge. Plaintiffs' complaint is therefore summarily dismissed as malicious pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiffs appear to allege that the Magistrate Judge incorrectly determined that the claims made by Plaintiffs are "the same or similar" to those made twice before in the Northern District. They contend that they only became aware of much of

Defendants' wrongdoing when they received the administrative record of the disciplinary proceeding in March 2003 and therefore raise many allegations for the first time in this lawsuit. Whether or not Plaintiffs made these exact claims in their two prior federal cases or prior state litigation against the same parties, they still arise from a common nucleus of operative fact. As the Court explained in one of Plaintiffs' prior cases, "complaints filed *in forma pauperis* may be dismissed as malicious when they seek to relitigate claims premised upon substantially the same facts arising from a common series of events upon which the plaintiff has relied in a previous lawsuit." *Brown v. Thomas*, No. 3:02-CV-673-M, 2002 WL 31757616 at *3 (N.D. Tex. Dec. 3, 2002) (citing cases). There is no doubt that the claims in this lawsuit arise from the same decision of the Texas Board of Nurse Examiners that Plaintiffs challenged in two prior federal cases. Accordingly, the Magistrate Judge correctly found that the lawsuit is subject to dismissal as malicious, and Plaintiffs' objection is overruled.

Plaintiffs also object to the Magistrate Judge's suggestions that the 1999 proceeding was a "disciplinary hearing," that the Plaintiffs have been deemed vexatious litigants in Texas courts, and that Plaintiffs' underlying claims are without merit. The documents provided by Plaintiffs indicate that the December 9, 1999 hearing was an administrative disciplinary hearing at which a default judgment was issued. The Travis County, Texas district court did indeed deem both Plaintiffs as vexatious litigants. *See Brown v. Texas State Board of Nurse Examiners*, No. 03-05-00508-CR, 2007 WL 3034321, at *1 (Tex. App. – Austin, Oct. 18, 2007). The Court does not believe that the Magistrate Judge referred to Plaintiffs' claims for relief as "not

plausible" or otherwise meritless. Instead, Judge Horan concluded that this action is malicious because it arises from the same events that were the basis of two prior federal lawsuits. In any case, none of these objections undermine Judge Horan's conclusion that Plaintiffs' lawsuit is barred as duplicative. Accordingly, they are overruled.

The Magistrate Judge is correct to observe that, "[i]t is well past time that Plaintiffs should have ceased filing these repetitious and uniformly frivolous lawsuits before the Court." *See* Dkt. No. 10 at 5. Plaintiffs are warned that any future lawsuits seeking damages or equitable relief arising from the revocation of Yvonne Brown's nursing license may result in the imposition of sanctions. Such sanctions may include a monetary fine, and an order barring Plaintiffs from filing any civil actions in federal court without paying the required filing fee or obtaining prior authorization from a district judge or magistrate judge.

SO ORDERED this 26th day of June, 2013

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　JORGE A. SOLIS
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE